CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:28

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,
Plaintiff,
v.

Civil Action No. 2:26-cv-02493 (ES)(MAH)

PSEG SERVICES CORPORATION,
GRACE PARK,
ANDREW CAREY,
JUNE FLORRE, and
JOSEPH BASKALOW,
Defendants.

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Louis Neptune, proceeding pro se, alleges upon personal knowledge as to his own acts and upon information and belief as to all others:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in New Jersey.

PARTIES

1. Plaintiff Louis Neptune is an individual residing at 14 Wayne Avenue, East Orange, New Jersey. The property is owned by Therese Duclona; Plaintiff is a tenant.
2. Defendant PSEG Services Corporation ("PSEG") is a New Jersey corporation with its principal place of business at 80 Park Plaza, Newark, New Jersey. PSEG is the parent of Public Service Electric & Gas Company (PSE&G), a public utility and recipient of federal grants.
3. Defendant Grace Park is the Executive Vice President and General Counsel of PSEG. She resides in New Jersey and is sued individually for her own acts and omissions.
4. Defendant Andrew Carey is a former Middlesex County Prosecutor and former PSEG employee. He resides in New Jersey and is sued individually.
5. Defendant June Florre is a PSEG Security Division employee. She resides in New Jersey and is sued individually.
6. Defendant Joseph Baskalow is an inspector for the New Jersey Department of Community Affairs (DCA), Bureau of Housing Inspection. He is sued individually for acts under color of state law.

## FACTUAL ALLEGATIONS

### A. The RMS Database Manipulation – Foundation of the Enterprise (2013-2017)

1. In July 2013, Andrew Carey, then a Middlesex County Prosecutor, directed the creation of a false identity record for Plaintiff in the Records Management System (RMS) database. The record combined Plaintiff's true Social Security number with a false date of birth (1976) and a fabricated mugshot. Plaintiff's actual date of birth is 1972 (Exhibit A).
2. On September 3, 2017, while Carey was still MCPO, Plaintiff was arrested in Middlesex County. The official arrest report (Exhibit B) listed his date of birth as 1976, not 1972. The false entry has been maintained and disseminated to law enforcement agencies.
3. Grace Park, at that time a prosecutor in Union County, became aware of the RMS manipulation through her professional network and through a direct email from Plaintiff (see ¶¶ 11-12).

### B. The 2018 Email – Actual Knowledge Imputed to Grace Park and PSEG

1. On or about September 1, 2018, Plaintiff sent an email to Grace Park at her PSEG email address (grace.park@pseg.com). The email stated, in substance:

"PSEG is using its resources – vehicles, equipment, and personnel – to conduct illegal surveillance on me. The Middlesex County Prosecutor's Office has manipulated my identity in law enforcement databases. Your certifications to the government that PSEG equipment is used for lawful purposes are false."

1. Plaintiff is now intentionally locked out of the email account from which he sent that message. The content of the email is within PSEG's control. Plaintiff requests an adverse inference that the email would have confirmed his allegations.
2. Despite this actual knowledge, Grace Park took no action to stop the surveillance, to correct the RMS entry, or to advise PSEG's federal grantors of the falsity of prior certifications. Instead, she continued to oversee PSEG's legal compliance and grant certifications.

### C. PSEG Begins Using Its Infrastructure for Surveillance (2019-2025)

1. After Park joined PSEG full-time (2017), PSEG escalated its surveillance of Plaintiff. PSEG security personnel used company vehicles, GPS trackers, and camera equipment to monitor Plaintiff's movements across multiple states (Texas, Oregon, Washington, New Jersey). Photographs and logs are attached as Exhibit C.
2. The surveillance was coordinated with the false RMS profile. Law enforcement databases that contained the false 1976 DOB were used to flag Plaintiff, enabling PSEG to track him.

### D. The FERC Fraud – Admitted Pattern of Deception (Predicate Act)

1. On December 5, 2024, the Federal Energy Regulatory Commission (FERC) issued Order No. IN21-5-000 (Exhibit D). PSEG's subsidiary, PSE&G, stipulated to:
   - Submitting inaccurate information to PJM Interconnection to secure approval for a $546 million transmission project.
   - Omitting the first 12 pages of a consultant report that would have shown materially different

findings.

· Withholding a complete consultant report that documented only 8 towers (not 67) requiring rehabilitation.

· Violating 18 C.F.R. § 35.41(b) – failing to provide full and accurate information to a federal regulator.

2. PSE&G agreed to pay a $6.6 million civil penalty and stipulated to these facts. The stipulated facts are party admissions under Fed. R. Evid. 801(d)(2).

3. Public Citizen, Inc. has challenged the $546 million project costs as "imprudent," seeking disallowance of ratepayer charges (Exhibit E). As a New Jersey ratepayer, Plaintiff suffered economic injury from the resulting rate hikes.

E. The Florre Impersonation – January 8, 2026 (Predicate Act)

1. On January 8, 2026, at approximately 7:55 a.m. , Defendant June Florre, a PSEG Security Division employee, arrived at Plaintiff's residence at 14 Wayne Avenue.

2. Ms. Florre presented a document titled "NOTICE TO ALL TENANTS" that purported to be from the DCA, scheduling an inspection. The document lacked any state seal, letterhead, or agency contact information (Exhibit F).

3. Ms. Florre stated: "I am here for the inspection." She requested access to the residence.

4. Plaintiff refused entry. The DCA's online portal (Exhibit G) confirms that no official DCA inspection occurred on January 8, 2026. Ms. Florre's appearance was therefore an unauthorized impersonation of a public official, in violation of N.J.S.A. 2C:28-8.

F. The Baskalow Incident – Joint Action with DCA – March 19, 2026 (Predicate Act & § 1983 Claim)

1. On March 19, 2026, at approximately 9:05 a.m. , Defendant Joseph Baskalow, a DCA housing inspector, arrived at 14 Wayne Avenue in a government-plated vehicle (license plate visible in sealed video).

2. Mr. Baskalow presented a "NOTICE TO ALL TENANTS" that was identical in format to the notice used by Florre – same font, same layout, same lack of letterhead and state seal (Exhibit H).

3. Plaintiff asked Mr. Baskalow: "Can you provide an email from DCA with letterhead and state seal to authenticate this inspection?"

4. Mr. Baskalow refused and became visibly angry and aggressive. He then stated, "We'll be back in two months." This statement was captured on video (filed under seal as Exhibit I).

5. The DCA's official inspection report, dated March 20, 2026 (Exhibit J), confirms:

· Mr. Baskalow is a legitimate DCA inspector.

· The inspection was a re-inspection following an "obstruction" on an earlier date.

· The report imposes a $500 penalty on the property owner for refusing entry. As a tenant, Plaintiff is contractually obligated to reimburse the owner for any fines resulting from his refusal, or alternatively, the penalty creates a lien that affects Plaintiff's tenancy and rental obligations. Thus, the $500 penalty directly injures Plaintiff's economic interests.

· A re-inspection is ordered on or after April 14, 2026.

6. The DCA portal records (Exhibit G) also show that identical properties at 18 Wayne Avenue and 22 Wayne Avenue are not registered with DCA and have never been inspected, demonstrating selective enforcement targeting Plaintiff.

G. Joint Action Between PSEG and the DCA – Specific Coordination Facts

1. Identical Paperwork: The notice used by Florre (PSEG employee) on Jan 8, 2026, and the notice used by Baskalow (DCA inspector) on Mar 19, 2026, are identical in every material respect – same format, same missing seals, same wording. This is not coincidence; it reflects a shared template.
2. Park's Knowledge: Grace Park received the 2018 email warning of the scheme. She also received formal preservation notices on September 15, 2025 (naming Andrew Carey), December 15, 2025 (naming June Florre), and March 10, 2026. She took no action to stop the pattern.
3. Timing: Baskalow's visit occurred immediately after Plaintiff filed his RICO complaint and served litigation holds on PSEG executives. The timing shows retaliation, not routine government action.
4. Selective Enforcement: The DCA inspected Plaintiff's property while ignoring identical neighboring properties (18 and 22 Wayne Ave). This selective enforcement, combined with the identical paperwork, demonstrates that the inspection was not routine – it was a joint effort to harass Plaintiff.
5. Baskalow's Threat: The statement "We'll be back in two months" indicates a continuing, coordinated campaign, not an isolated inspection.
6. No Independent Investigation: Baskalow did not independently verify the need for an inspection. He used a pre-printed form that matched Florre's fake notice, showing reliance on PSEG-supplied materials or a common template.
7. Upon information and belief, direct communications, emails, or records of coordination between PSEG and the DCA regarding the inspection of Plaintiff's property exist and will be uncovered through discovery, including the preservation order requested in Plaintiff's pending motion (ECF No. 26).

H. Additional Digital Intrusions (Pattern Evidence)

1. On March 9, 2026, at 5:41 p.m. , Plaintiff called an attorney. Within one minute, his iPhone Notes app activated recording without his input (Exhibit K). This constitutes witness tampering.
2. On April 11, 2026, Plaintiff's Signal messaging account was compromised; his legal notes and strategy materials were deleted (Exhibit L). His Telegram account was also locked out with repeated "Try again in 1 minute" messages (Exhibit M).
3. On April 13, 2026, at approximately 2:00 a.m. , a pickup truck with an open laptop parked across from Plaintiff's residence. When Plaintiff turned off his phone, the truck departed within 30 seconds (photographs attached as Exhibit N).

COUNT I: CIVIL RICO – 18 U.S.C. § 1962(c)

(Against All Defendants)

A. The Enterprise

1. The "MCPO-PSEG-DCA Enterprise" is an association-in-fact consisting of PSEG, Grace Park, Andrew Carey, June Florre, and Joseph Baskalow. The enterprise has existed since at least 2013 and continues to the present.
2. Structure of the Enterprise – Each Defendant's Role:

· Andrew Carey directed the initial identity-fraud and database-manipulation scheme while at MCPO. He later transferred the enterprise's methods to PSEG when he was hired in April 2025.
· Grace Park operated the enterprise from within PSEG's legal department. She had actual knowledge of the scheme from the 2018 email. She continued to certify PSEG's compliance with federal grants, thereby enabling the enterprise to receive federal funds, while the enterprise conducted surveillance and witness tampering.
· June Florre executed physical intimidation as a PSEG security employee, using company resources to impersonate a state inspector.
· Joseph Baskalow executed state-authorized intimidation as a DCA inspector, acting jointly with PSEG and using the same fake notice template.
· PSEG provided the infrastructure, personnel, and legal cover, and benefited from the fraud (federal grants, ratepayer overcharges).
3. The enterprise functions as a continuing unit for a common purpose: to obtain federal funds through false certifications, to conduct surveillance and intimidation of Plaintiff, and to obstruct his litigation.

B. Pattern of Racketeering Activity – Predicate Acts with Particularity

Predicate Act 1: Wire Fraud – HIDTA Grant Certification (18 U.S.C. § 1343)

Element Allegation
Who Andrew Carey, as Middlesex County Prosecutor
When June 15, 2017
To Whom Office of National Drug Control Policy (ONDCP)
Through What System Electronic transmission via the federal grant portal (Grants.gov or ONDCP's system)
Document HIDTA Award Application #NY-17-MCP-001
What Was Certified Compliance with 28 C.F.R. Part 23 (criminal intelligence database requirements)
Why False at the Moment Submitted At the very same time, MCPO was actively manipulating the RMS database, creating a false identity for Plaintiff (DOB 1976, fake mugshot). The certification was therefore knowingly false.
Injury The fraud funded the enterprise, which later conducted surveillance and witness tampering against Plaintiff.

1. The false certification was transmitted electronically across state lines, constituting wire fraud. Plaintiff incorporates ¶¶ 8-10, 14-15.

Predicate Act 2: Wire Fraud – DHS Grant Certification (18 U.S.C. § 1343)

Element Allegation
Who Grace Park, as PSEG General Counsel
When August 30, 2019
To Whom Department of Homeland Security / FEMA
Through What System Electronic transmission via federal grant portal
Document DHS EMPG Grant Application #DHS-19-EMP-NJ-005
What Was Certified That grant funds and equipment would be used for "lawful purposes" and that PSEG complied with all federal requirements.

Why False at the Moment Submitted Park had already received Plaintiff's September 1, 2018 email detailing PSEG's illegal surveillance. Despite this knowledge, she certified the grant as compliant. Moreover, PSEG was already using its infrastructure to surveil Plaintiff.
Injury The grant funds directly supported PSEG's surveillance infrastructure, which was used to intimidate Plaintiff.

1. The false certification was transmitted electronically across state lines, constituting wire fraud. Plaintiff incorporates ¶¶ 11-15.

Predicate Act 3: Wire Fraud – FERC Submission (18 U.S.C. § 1343)

Element Allegation
Who PSEG (through its subsidiary PSE&G)
When 2017-2018 (false submissions); order issued December 5, 2024
To Whom PJM Interconnection (a federally regulated regional transmission organization)
Through What System Electronic submission via PJM's online portal
Document Presentations, data submissions, and consultant reports
What Was False Claimed 67 towers required "extensive reconstruction"; omitted consultant pages; withheld a complete report showing only 8 towers needed work.
Why False at the Moment Submitted PSE&G knew the true facts (only 8 towers needed rehabilitation) but deliberately withheld them.
Injury Plaintiff, as a New Jersey ratepayer, paid higher electric bills due to the $546 million project's costs being passed through to rates.

1. The false submissions were transmitted electronically across state lines, constituting wire fraud. Plaintiff incorporates ¶¶ 16-18.

Predicate Act 4: Witness Tampering – Florre (18 U.S.C. § 1512(b))

1. On January 8, 2026, at approximately 7:55 a.m. , Defendant June Florre, acting as an agent of PSEG, appeared at Plaintiff's residence and presented a fake DCA inspection notice, demanding entry. This conduct was intended to intimidate Plaintiff, a person she believed would be a witness in a federal proceeding (this action), and to hinder his participation. Plaintiff incorporates ¶¶ 19-22.

Predicate Act 5: Witness Tampering – Baskalow (18 U.S.C. § 1512(b))

1. On March 19, 2026, at approximately 9:05 a.m. , Defendant Joseph Baskalow, acting jointly with PSEG, arrived at Plaintiff's residence in a government-plated vehicle, presented an identical fake notice, refused to authenticate, and threatened "We'll be back in two months." This conduct was intended to intimidate Plaintiff in retaliation for his litigation activities. Plaintiff incorporates ¶¶ 23-35.

Predicate Act 6: Obstruction of Justice (18 U.S.C. § 1519)

1. On or about April 11, 2026, Plaintiff's Signal messaging account was compromised; his legal notes and strategy materials were deleted. The deletion occurred after Plaintiff filed his RICO complaint and after he served litigation holds on PSEG executives. The deletion was done with

intent to impair the integrity of evidence for use in this proceeding. Plaintiff incorporates ¶¶ 36-38.

C. Continuity

1. Closed-ended continuity: Predicate acts span from 2013 (RMS manipulation) to 2026 – over 13 years.
2. Open-ended continuity: The threat "we'll be back in two months" and the scheduled re-inspection on or after April 14, 2026, demonstrate that the enterprise's activities are ongoing.

D. Injury to Business or Property

1. Plaintiff has suffered economic injury directly caused by the racketeering activity:

Injury Amount Causal Predicate
$500 penalty for refusing entry (owed to property owner) $500 Witness tampering (Florre, Baskalow)
Higher electric bills (3-9% rate hike) $500-$1,000 (estimated) FERC wire fraud
Security costs (device monitoring, account changes) $10,000 DHS wire fraud (funded surveillance)
Lost legal work product (Signal deletion) $50,000 Obstruction of justice
Total $61,000+

1. Under 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages ($183,000+), plus costs and attorney fees.

COUNT II: RICO CONSPIRACY – 18 U.S.C. § 1962(d)

(Against All Defendants)

1. Plaintiff incorporates paragraphs 1–51.
2. Each defendant agreed to facilitate the scheme through the following specific acts:

Defendant Specific Agreement Fact When Known
Grace Park Received the 2018 email detailing the scheme; thereafter continued to certify grant compliance and did not stop Florre or Baskalow. Her silence and inaction constitute a tacit agreement. September 2018
Andrew Carey Directed RMS manipulation in 2013; later agreed to transfer the tactics to PSEG when hired in April 2025. Departed PSEG only after litigation holds were served (consciousness of guilt). 2013; April 2025
June Florre Executed the January 8, 2026 impersonation using PSEG resources; used the same template as Baskalow, evidencing coordination. January 2026
Joseph Baskalow Used the identical fake notice; threatened to return; acted without independent investigation, relying on PSEG-supplied materials or a common plan. March 2026
PSEG Employed Park, Carey, and Florre; provided the infrastructure; continued to certify grants while the enterprise operated. Throughout

1. Each defendant knew the objective of the enterprise – to obtain federal funds through false

certifications and to intimidate Plaintiff – and agreed to commit at least two predicate acts.
2. The conspiracy is ongoing as evidenced by the scheduled re-inspection and continued surveillance.

COUNT III: SECTION 1983 – FOURTH AMENDMENT (JOINT ACTION)

(Against Joseph Baskalow and, in the Alternative, Against PSEG)

1. Plaintiff incorporates paragraphs 1–55.

A. Baskalow as State Actor

1. Joseph Baskalow is a state actor – a Housing Inspector for the New Jersey Department of Community Affairs, acting under color of state law.

B. The Unlawful Entry Attempt

1. On March 19, 2026, Baskalow attempted to enter Plaintiff's residence without a warrant, without probable cause, and without Plaintiff's consent. Plaintiff explicitly refused entry.
2. No exigent circumstances existed. The purported "inspection" was not an emergency.
3. The entry attempt was unreasonable under the Fourth Amendment because it was pretextual – a cover for witness intimidation, as evidenced by the identical fake notice, the selective enforcement (neighboring properties not inspected), and the threat "we'll be back."

C. Joint Action with PSEG (In the Alternative)

1. In the alternative, PSEG acted jointly with Baskalow under color of state law because:
- PSEG employee Florre used the identical fake notice on January 8, 2026.
- Grace Park (PSEG General Counsel) had actual knowledge of the scheme from the 2018 email.
- The timing of Baskalow's visit (immediately after Plaintiff's federal filings) and the threat "we'll be back" demonstrate coordination.
- The DCA's selective enforcement (inspecting Plaintiff's property while ignoring identical neighbors) shows that the inspection was not routine but rather a joint effort to harass Plaintiff.
- Upon information and belief, direct communications between PSEG and the DCA will be uncovered in discovery.

2. If the Court finds that PSEG acted jointly with Baskalow, PSEG is liable under § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

D. Injury

1. As a direct result, Plaintiff suffered:
- A $500 penalty assessed by the DCA for refusing entry (which Plaintiff is obligated to pay as tenant).
- Emotional distress and fear of future intrusion.
- Invasion of privacy.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Enter judgment in his favor on all counts;

B. Award treble damages under RICO (18 U.S.C. § 1964(c)) in the amount of $183,000, plus any additional economic injury proved at trial;

C. Award compensatory and punitive damages under 42 U.S.C. § 1983 in an amount to be determined;

D. Award costs and attorney fees (once counsel appears);

E. Grant such other relief as the Court deems just.

JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Dated: April , 2026

/s/ Louis Neptune (wet signature on filed original)

LOUIS NEPTUNE
Pro Se Plaintiff
14 Wayne Avenue
East Orange, NJ 07018
(303) 909-8537
Boukman4081@proton.me

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:28

EXHIBIT LIST

Exhibit Description
A Plaintiff's driver's license (DOB 1972)
B September 3, 2017 arrest report (DOB 1976)
C Photographs of surveillance (Texas, Oregon, Washington)
D FERC Order IN21-5-000 (December 5, 2024)
E Public Citizen FERC challenge (December 20, 2024)
F January 8, 2026 notice used by June Florre
G DCA portal records (no inspection on Jan 8, 2026; non-registration of 18 & 22 Wayne)
H March 19, 2026 notice used by Joseph Baskalow
I Reference to sealed video of Baskalow (available for in-camera review)
J DCA Inspection Report and Order (March 20, 2026)
K Screenshot of Notes activation (March 9, 2026)
L Screenshot of Signal deletion
M Screenshot of Telegram lockout
N Photographs of truck with laptop (April 13, 2026)

CERTIFICATE OF SERVICE

I certify that a true copy of this Complaint was served on the United States pursuant to 31 U.S.C. § 3730(b)(2) and on Defendants' registered agent by certified mail on April 19, 2026.

/s/ Louis Neptune

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)*

______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)*

______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset

AO 440 (Rev. 12/09) Summons in a Civil Action

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

# UNITED STATES DISTRICT COURT

for the

2026 MAY -7 A 9:28

Louis Neptune
*Plaintiff*

v.

PSEG, GRACE PARK, ANDREW CAREY et. AL.
*Defendant*

Civil Action No. 26-CV-2493

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:28

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,
Plaintiff,
v.
Civil Action No. 2:26-cv-02493 (ES)(MAH)
PSEG SERVICES CORPORATION, et al.,
Defendants.

PLAINTIFF'S REQUEST FOR SERVICE OF SUMMONS AND COMPLAINT BY THE UNITED STATES MARSHALS SERVICE

Plaintiff Louis Neptune, pro se, requests that the Court order the United States Marshals Service to serve the summons and Amended Complaint (RICO & §1983) upon Defendants pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Grounds: Plaintiff has filed an application to proceed in forma pauperis (ECF No. [XX]), which remains pending. Plaintiff is indigent and cannot afford the costs of service. The U.S. Marshals Service is authorized to serve process for IFP litigants.

Request: Plaintiff respectfully requests that the Court issue an Order directing the U.S. Marshals Service to serve the summons and complaint on the Defendants at the addresses listed in the attached USM-285 forms.

Dated: April 23, 2026

/s/ Louis Neptune
Louis Neptune, Pro Se Plaintiff

ORDER

Upon consideration of Plaintiff's Request for Service by the U.S. Marshals Service, and for good cause shown,

IT IS HEREBY ORDERED that the United States Marshals Service shall serve the summons and Amended Complaint upon Defendants at the addresses provided by Plaintiff.

SO ORDERED.

1. PSEG SERVICES CORPORATION

- How to Serve: Serve its Registered Agent (required for proper service under NJ law) .
- Full Name of Registered Agent: CT Corporation System
- Full Address for Registered Agent:
  - Street: 28 Liberty Street
  - City: New York
  - State: NY
  - ZIP Code: 10005
- Alternative Corporate Address (if needed): 80 Park Plaza, Newark, NJ 07102 .
- Role in Case: Corporate Defendant (PSEG).

2. GRACE PARK

- Full Name: Grace Park
- Role in Case: Individual Defendant.
- Position: Executive Vice President and General Counsel of PSEG .
- Street Address: 80 Park Plaza
- City, State, ZIP: Newark, NJ 07102
- Send a copy of the Summons and Complaint to this person at this address for service. This is her work address and is acceptable under Rule 4(e)(1) if it is her dwelling or usual place of abode, or service can be made to an authorized agent.

3. ANDREW CAREY

- Full Name: Andrew Carey
- Role in Case: Individual Defendant.
- Street Address: 400 Cedar Avenue
- City, State, ZIP: West Long Branch, NJ 07764

4. JUNE FLORRE

- Full Name: June Florre
- Role in Case: Individual Defendant.
- Street Address: 80 Park Plaza
- City, State, ZIP: Newark, NJ 07102
- Position: PSEG Security Division Employee.

5. JOSEPH BASKALOW

- Full Name: Joseph Baskakow
- Role in Case: Individual Defendant.
- Street Address: 33 Johnson Ave
- City, State, ZIP: Matawan, NJ 07747
- Position: DCA Housing Inspector.

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>LOUIS NEPTUNE | COURT CASE NUMBER<br>26-cv-2493 |
| DEFENDANT<br>PSEG, GRACE PAK, ANDREW CAREY, JUNE FLORRE, JOSEPH BLAKAKOW | TYPE OF PROCESS<br>CIVIL |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
PSEG, Ralph LaRossa
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
80 PARK PLACE NEWARK, NJ 07018

| | |
|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*
Registered Agent: CT Corporation. 18 Liberty St NY, NY 10 at 005

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] | ☐ PLAINTIFF<br>☐ DEFENDANT | 303-909-8537 | 4/22/2026 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>LOUIS NEPTUNE | COURT CASE NUMBER<br>26-cv-2493 |
| DEFENDANT<br>PSEG, GRACE PAK, ANDREW CAREY, JUNE FLORRE, JOSEPH BLAKAKOW | TYPE OF PROCESS<br>CIVIL |

**SERVE AT** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
PSEG. June Florre

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
80 PARK PLACE NEWARK, NJ 07018

| | |
|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

| Signature of Attorney other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] | | 303-909-8537 | 4/22/2026 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| LOUIS NEPTUNE | 26-cv-2493 |
| DEFENDANT | TYPE OF PROCESS |
| PSEG, GRACE PAK, ANDREW CAREY, JUNE FLORRE, JOSEPH BLAKAKOW | CIVIL |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
PSEG, Grace Park

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
80 PARK PLACE NEWARK, NJ 07018

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*
Registered Agent: CT Corporation. 18 Liberty St NY, NY 10 at 005

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] | ☐ PLAINTIFF ☐ DEFENDANT | 303-909-8537 | 4/22/2026 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

Form USM-285
Rev. 03/21

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>LOUIS NEPTUNE | COURT CASE NUMBER<br>26-cv-2493 |
| DEFENDANT<br>PSEG, GRACE PAK, ANDREW CAREY, JUNE FLORRE, JOSEPH BLAKAKOW | TYPE OF PROCESS<br>CIVIL |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Joseph Baskakow
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
33 Johnson Ave. Mataram, NJ 07747

| | |
|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| [signature] | ☐ PLAINTIFF<br>☐ DEFENDANT | 303-909-8537 | 4/22/2026 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

Form USM-285
Rev. 03/21

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:28

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,

Plaintiff,

v.

Civil Action No. 2:26-cv-02493 (ES)(MAH)

PSEG SERVICES CORPORATION,

GRACE PARK, et al.,

Defendants.

SUPPLEMENTAL DECLARATION OF LOUIS NEPTUNE – EVIDENCE OF GRACE PARK'S PERSONAL INVOLVEMENT IN THE 2017 FABRICATED PROSECUTION AND HER KNOWLEDGE OF THE RMS MANIPULATION

I, LOUIS NEPTUNE, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. The 2017 Case Transfer from Middlesex County to Union County.

In 2017, while Andrew Carey was the Middlesex County Prosecutor, a criminal case was initiated against me based on a fabricated identity in the Records Management System (RMS) database. That false entry listed my date of birth as 1976 instead of my true birth year of 1972, and included a fake mugshot using someone else picture.

The case was then transferred from Middlesex County to Union County. Grace Park was the Acting Union County Prosecutor at that time. She accepted the case and proceeded with prosecution, even though there was no probable cause and the evidence was based on a demonstrably false RMS record.

2. Grace Park Knew or Should Have Known of the RMS Manipulation.

As the prosecutor accepting the case, Ms. Park had access to the RMS database. She could (and should) have compared the false 1976 birth date with my actual driver's license (which shows 1972). She did not. Instead, she pursued the prosecution.

3. No Probable Cause Existed.

There was no legitimate basis for the 2017 case. The only "evidence" was the manipulated RMS entry. Ms. Park's acceptance of the case without independent verification constituted a knowing or reckless use of fabricated evidence.

4. Grace Park Then Joined PSEG In 2017.

Immediately after her tenure as Acting Union County Prosecutor, Ms. Park joined PSEG as General Counsel. PSEG soon began systematic surveillance of me – using its infrastructure, personnel, and the same RMS false profile that Ms. Park had used as a prosecutor.

5. The 2018 Email Confirms Her Knowledge.

On September 1, 2018, I sent an email to Ms. Park at her PSEG address reiterating that her office had used fabricated evidence against me and that PSEG was continuing the surveillance. The email account I used is now locked; Ms. Park has never denied receiving it.

6. Legal Implications of These Facts.

· Ms. Park personally participated in the fabrication of evidence and malicious prosecution – acts that are not protected by prosecutorial immunity.

· Her transfer from the prosecutor's office to PSEG is direct evidence of the RICO enterprise: Carey (Middlesex) → Park (Union) → PSEG.

· She cannot claim ignorance of the RMS manipulation; she was the prosecutor who used it.

· Her conduct violates 18 U.S.C. § 242 (deprivation of rights under color of law) and supports civil liability under § 1983.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 26, 2026

East Orange, New Jersey

LOUIS NEPTUNE

Pro Se Plaintiff

14 Wayne Avenue

East Orange, NJ 07018

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:29

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES ex rel. LOUIS NEPTUNE,
Plaintiff-Relator,

v.

PSEG SERVICES CORP., et al.,
Defendants.

Civil Action No. 2:26-cv-02493 (ES)(MAH)

NOTICE OF SUPPLEMENTAL DEVELOPMENT REGARDING RELATED FERC SUBMISSION

Plaintiff-Relator Louis Neptune respectfully submits this Notice to advise the Court of a related development relevant to notice, preservation, and the factual record in this action.

1. On or about [date of email], Plaintiff-Relator submitted information to the Federal Energy Regulatory Commission's Office of Enforcement and Regulatory Accounting, Division of Investigations, concerning alleged PSEG conduct including pattern evidence, RMS manipulation, and the related document trail concerning Grace Park and other actors. [Ex. __]

2. Plaintiff-Relator received the following response from FERC employee Aisha Ali:

"Thank you so much for your email and the information you submitted. Sincerely, Aisha Ali, Federal Energy Regulatory Commission, Office of Enforcement and Regulatory Accounting | Division of Investigations."

3. Plaintiff-Relator submits this Notice solely to inform the Court that the same factual pattern alleged in this case has also been brought to the attention of FERC's investigatory staff. Plaintiff-Relator submits this Notice because the FERC acknowledgment confirms that the information was received by the Commission's investigative staff and that the same factual pattern is not limited to the pending civil docket.

4. Plaintiff-Relator does not contend that the FERC acknowledgment constitutes a finding of liability, wrongdoing, or formal action against any Defendant.

5. Plaintiff-Relator submits the acknowledgment only as a supplemental development relevant to notice, preservation, and the existence of a parallel regulatory record concerning the same underlying facts.

6. Plaintiff-Relator respectfully requests that the Court take this development into account to the extent relevant to preservation, notice, and the existing factual record.

Respectfully submitted,

Louis Neptune, Pro Se
14 Wayne Ave.
East Orange, NJ 07018
Boukman4081@proton.me
303-909-8537

Exhibit A — FERC acknowledgment email from Aisha Ali, Office of Enforcement and Regulatory Accounting, Division of

ORDER

Upon consideration of Plaintiff's Request for Service by the U.S. Marshals Service, and for good cause shown,

IT IS HEREBY ORDERED that the United States Marshals Service shall serve the summons and Amended Complaint upon Defendants at the addresses provided by Plaintiff.

SO ORDERED.

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:29

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,
Plaintiff,
v.
Civil Action No. 2:26-cv-02493 (ES)(MAH)
PSEG SERVICES CORPORATION, et al.,
Defendants.

PLAINTIFF'S REQUEST FOR SERVICE OF SUMMONS AND COMPLAINT BY THE UNITED STATES MARSHALS SERVICE

Plaintiff Louis Neptune, pro se, requests that the Court order the United States Marshals Service to serve the summons and Amended Complaint (RICO & §1983) upon Defendants pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Grounds: Plaintiff has filed an application to proceed in forma pauperis (ECF No. [XX]), which remains pending. Plaintiff is indigent and cannot afford the costs of service. The U.S. Marshals Service is authorized to serve process for IFP litigants.

Request: Plaintiff respectfully requests that the Court issue an Order directing the U.S. Marshals Service to serve the summons and complaint on the Defendants at the addresses listed in the attached USM-285 forms.

Dated: April 23, 2026

/s/ Louis Neptune
Louis Neptune, Pro Se Plaintiff

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:29

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,
Plaintiff,
v. Civil Action No. 2:26-cv-02493 (ES)(MAH)
PSEG SERVICES CORPORATION,
GRACE PARK, ANDREW CAREY,
JUNE FLORRE, and JOSEPH BASKALOW,
Defendants.

MOTION TO LIFT OR MODIFY THE SEAL AS TO THE RICO AND § 1983 CLAIMS AND TO RESTORE THE CASE TO THE ACTIVE DOCKET

Plaintiff Louis Neptune, pro se, respectfully moves this Court to lift or modify the seal as to the non-FCA claims in the Amended Complaint, including the claims under RICO and 42 U.S.C. § 1983, and to restore this action to the active docket. This motion is supported by the accompanying memorandum.

Respectfully submitted,

Louis Neptune, Pro Se Plaintiff
14 Wayne Avenue
East Orange, NJ 07018
(303) 909-8537

ORDER

Upon consideration of Plaintiff's Motion to Lift or Modify the Seal as to the RICO and § 1983 Claims and to Restore the Case to the Active Docket, and for good cause shown, it is ORDERED that:

1. Plaintiff's motion is GRANTED IN PART.
2. The seal is LIFTED as to the Amended Complaint and all non-confidential exhibits, except any materials that the Court separately orders to remain sealed.
3. The Clerk shall docket the Amended Complaint on the public docket, subject to any redactions or separate sealing order.
4. Plaintiff's application to proceed in forma pauperis, ECF No. 14, is restored to the active docket and shall be addressed in due course.
5. Motions ECF Nos. 18 and 26 are restored to the active docket.
6. The case is restored to the active docket.

SO ORDERED.

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAY -7 A 9:29

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,
Plaintiff,

v.

PSEG SERVICES CORPORATION, et al.,
Defendants.

Civil Action No. 2:26-cv-02493 (ES)(MAH)

PLAINTIFF'S LETTER-MOTION REGARDING EXTERNAL AGENCY COMMUNICATIONS

Hon. Michael A. Hammer, U.S.M.J.:

Plaintiff respectfully submits this letter-motion to advise the Court that he has communicated with multiple federal and state agencies concerning the allegations and records at issue in this action. These communications may bear on preservation, notice, and the scope of discovery.

The agencies include, as applicable, the U.S. Department of Justice Civil Division; the U.S. Department of Justice Criminal Division; the Department of Homeland Security Office of Inspector General; the Department of the Treasury Office of Inspector General; the Securities and Exchange Commission Enforcement Division; the Federal Energy Regulatory Commission; the New Jersey Board of Public Utilities; and the New Jersey Division of Criminal Justice.

Plaintiff does not submit this notice to argue the merits of any claim or pending motion. Rather, Plaintiff submits it to ensure the Court is aware that the same subject matter has been communicated to relevant agencies and that those communications may identify custodians, records, and preservation issues relevant to this litigation.

Accordingly, Plaintiff respectfully requests that the Court accept this notice for the record and consider it in connection with any preservation or discovery-related relief.

Respectfully submitted,

Louis Neptune, Pro Se
14 Wayne Avenue
East Orange, NJ 07018
303-909-8537
Boukman4081proton.me

Dated: 5/5, 2026

CERTIFICATION CONCERNING PROPOSED ORDER

I, Louis Neptune, certify that the attached proposed order concerns Plaintiff's external agency communications and requests that the Court accept the notice for preservation, notice, and discovery-scope purposes. A copy of the filing has been served on the parties or will be served contemporaneously with filing. I certify under penalty of perjury that the foregoing is true and correct.

Dated: ____________, 2026

Louis Neptune, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS NEPTUNE,
Plaintiff,

v.

PSEG SERVICES CORPORATION, et al.,
Defendants.

Civil Action No. 2:26-cv-02493 (ES)(MAH)

ORDER ACCEPTING NOTICE OF EXTERNAL AGENCY COMMUNICATIONS

THIS MATTER having been opened to the Court by Plaintiff Louis Neptune's letter-motion regarding external agency communications, and the Court having considered the submission, and for good cause shown;

IT IS on this ___ day of __________, 2026, ORDERED as follows:

1. Plaintiff's notice of external agency communications is accepted for the record.

2. The notice may be considered for purposes of preservation, notice, and the scope of discovery.

3. Nothing in this Order shall be construed as a ruling on the merits of any claim or defense.

4. The parties shall comply with any further order of the Court concerning preservation, discovery, or related relief.

SO ORDERED.

______________________________
HON. MICHAEL A. HAMMER
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that on 5/5 , 2026, I served a true and correct copy of the foregoing papers on all counsel of record and unrepresented parties by U.S. mail, certified mail, electronic service, or other permitted method.

Louis Neptune, Pro Se